T. Paul Kane, J.
The plaintiff, a general contractor, has instituted the within action, asserting a claim to a fund of $9,724.49 held by the State of New York upon the grounds that the same is held under the trust fund provisions of article 3-A of the Lien Law. As alternative relief to a judgment directing the State of New York to pay over the fund, plaintiff seeks to have the State of New York interplead plaintiff, the owner of the building, the mortgagee and the receiver of rents and profits for the purpose of trial and determination of the rights and priorities to said fund.
Thereafter the State of New York commenced an action in interpleader by service of a third-party complaint and now has moved pursuant to CPLR 1006 for an order permitting it to deposit the moneys held by it into court and discharging it as stakeholder. Another motion was made by a mortgagee and a receiver of rents to dismiss plaintiff’s complaint in the main action pursuant to CPLR 3211 (subd. [a], par. 7) and for summary judgment pursuant to CPLR 3211 (subd. [c]).
The facts are undisputed. It appears that a lease was entered into on February 6, 1963 between the State of New York and defendant Adson-Arcade Properties, Inc., whereby the former agreed to lease certain premises owned by the latter which lease, among other things, contained the following provision: “The amplification of the rental in the amount of Nine Thousand Seven Hundred Twenty-four and 49/100 ($9,724.49) Dollars for the first three months of the herein term represents the Tenant’s contribution toward the cost of alterations occasioned by the particular requirements of the Tenant.”
Thereafter on October 4, 1963 a contract was executed by defendant owner and plaintiff contractor which provided for the improvements and alterations of the premises leased to the State of New York. These improvements and alterations were completed on or about May 5, 1964. Subsequently, the owner was named a defendant in an action to foreclose certain mortgages *37 held by the defendant mortgagee, as a result of which Edward D. Palmer was appointed as a receiver of rents and profits.
The primary issue before the court is whether or not under the provisions of the Lien Law the plaintiff has the right to claim the moneys held by the State of New York. An answer in the affirmative would require a finding that an assignment of the rents or a portion thereof occurred. (Lien Law, § 70, subd. 5, par. [e].)
Subdivision 5 of section 70 defines the assets of a trust of which an owner is trustee:
“ 5. The assets of the trust of which the owner is trustee are the funds received by him and his rights of action for payment thereof * * *
“ (e) as consideration for, or advances secured by, an assignment of rents due or to become due under an existing or future lease or tenancy of the premises that are the subject of the improvement, or of any part of such premises, if the assignment is executed subsequent to the commencement of the improvement and before the expiration of four months after the completion of the improvement or if it is executed before the commencement of the improvement and an express promise to make an improvement, or an express representation that an improvement will be made, is contained in the assignment or given in the transaction in which the assignment is made ”.
It is extremely doubtful that this statute can bear the interpretation which plaintiff renders to it. The subdivision obviously applies to a situation where an owner receives funds as consideration for an assignment of rents. The assignment runs from the owner to a third party, not from a third party to a contractor. The broad design of subdivision 5 of section 70 appears to be to prevent an owner from diverting funds from a contractor. Hence, to invoke this statute to impress a trust upon the moneys held by the State of New York in the instant case would be to go beyond the legislative intent. Coincidentally an owner, a contractor and the payment of rents are involved, but the sine qua non, an assignment by the owner, is lacking.
The seemingly compelling reasons for a different result are diminished when an assumption is made that the State of New York does not pay the debt to the owner or the contractor. In such a case, the contractor would be unable to sue on the contract due to the lack of privity. Nor could the contractor successfully urge that it was a creditor beneficiary of the contract executed by the State of New York and the ownér. No promise by the State directly to the plaintiff contractor could be gleaned by the provisions of the lease to make plaintiff other than an *38 incidental "beneficiary. Nor does the plaintiff contend that the alleged oral representations were tantamount to a promise to pay the moneys directly to it.
Similarly, the relationships between the State and plaintiff are also too vague and incidental to find an assignment in equity. The prerequisite intent to assign, the most important element, is lacking.
The motion by the State of New York for discharge as a stakeholder is denied insofar as it requests payment into court, the court directs payment of the moneys to the receiver of the rents and profits, and the motion by the mortgagee and receiver to dismiss the complaint is granted in the form of summary judgment pursuant to CPLR 3211 (subd. [c]).